**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABBEY FARKAS,** | : | **Civil No. 1:14-CV-272** |
| | : | |
| **Plaintiff** | : | **(Judge Jones)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **RICH COAST COFFEE, CORP.,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I.    Statement of Facts and of the Case

Ideally, discovery in civil litigation is a smooth, swift and symmetrical process which leads to the full factual development of a dispute and allows all parties to make informed decisions regarding the course of litigation based upon a common body of information. Sadly, this is not an ideal case. Therefore, we are called upon to write the last chapter in the discovery phase of this litigation, a lawsuit that has had a painful and protracted history in two federal courts over the past several years.

This is a copyright action brought by Abbey Farkas against a number of defendants arising out of the production of an independent film, "Caveat." This action was originally brought in the United States District Court for the Western District of Pennsylvania but later was transferred to this court for trial. In our view, discovery in this litigation has, on occasion, been halting, contentious and confused. Several factors

have contributed to this confusion, and all parties share some responsibility for the current state of discovery. For example, in the course of this litigation, the defendants have been represented by several different counsel, and have on occasion proceeded *pro se.* These shifts in counsel staffing of the lawsuit have contributed to a discovery process which has not always been meticulous. In addition, on occasion, the plaintiff has exhibited an erratic approach to discovery, allowing discovery disputes to lay fallow for extended periods, before presenting them to the court as urgent matters.

This case was referred to us for resolution of discovery issues in May of 2016. (Doc. 111.) At that time the district court had entered an order extending the discovery deadline to May 31, 2016, (Doc. 105), and the parties had exchanged a series of letters on the eve of this discovery deadline which cited one another for various alleged discovery defaults. (Docs. 106, 108, 109, 110.) This exchange of correspondence was first initiated by the plaintiff, but led to mutual complaints by plaintiff and defendants regarding the state of documentary and written discovery. (Id.) Many of the matters complained about related to written discovery which had been propounded as much as a year ago.

In an effort to create an orderly process for resolving these disputes, we conferred with counsel on three separate occasions, (Docs. 112, 115 and 118), and entered two orders prescribing timetables for the resolution of both parties' discovery

2

disputes. (Docs. 113 and 114.) These orders set deadlines in July of 2016 for all parties to file motions to compel. By setting these discovery motion deadlines for all parties, we endeavored to confirm in writing what we attempted to express to counsel in our telephone conferences. It was, and continues to be, our intention to address the merits of all of the parties' remaining discovery disputes, so this litigation may promptly proceed forward.

Having set these expectations, the parties have now proceeded forward, each in its own fashion. For her part, the plaintiff, who first initiated these discovery issues in correspondence in May 2016, allowed her motion to compel deadline to pass without any action to litigate her discovery claims. Thus, as to the plaintiff we deem discovery to be closed.

In contrast, the defendants filed a motion to compel, which sought supplemental documentary disclosures from the plaintiff, disclosures which had been denied through broad but vague claims of attorney-client and work-product privilege. (Doc. 116.) This defense motion is fully briefed and is, therefore, ripe for resolution. (Docs. 119 and 123.)

For the reasons set forth below, the defendants' motion to compel will be GRANTED, in part, and the plaintiff will be ordered to prepare a comprehensive privilege log describing in detail all documents which have been withheld and the

basis for assertion of any privilege. Upon receipt of this privilege log, the parties will then be provided an opportunity to litigate any privilege claims.

## II.   **Discussion**

Several basic guiding principles inform our resolution of the instant discovery dispute. At the outset, Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. . . .

Fed. R. Civ. P. 37(a).

The scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26 of the Federal Rules of Civil Procedure.Fed. R. Civ. P., Rule 26(b)(1), which provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P., Rule 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible

only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys.</u>
<u>Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also Hasbrouck v.</u>
<u>BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
(holding that discovery rulings are reviewed under abuse of discretion
standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223
F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
resolution of discovery disputes deserves substantial deference and
should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches nonprivileged matter that is relevant to any party's claim or defense. Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information  a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. <u>Morrison v. Philadelphia Housing Auth.</u>, 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting

the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009). Likewise, "[i]n deciding whether a federal privilege against discovery exists, plaintiffs as the objecting party have the burden of establishing the privilege." Bayges v. Se. Pennsylvania Transp. Auth., 144 F.R.D. 269, 271 (E.D. Pa. 1992).Indeed, because the assertion of a claim of privilege "may result in the withholding of relevant information and so may obstruct the search for truth," In re Chevron Corp., 633 F.3d 153, 164 (3d Cir. 2011), it is well-established that, " 'The burden of proving that the . . . privilege applies is placed upon the party asserting the privilege.' United States v. Landof, 591 F.2d 36, 38 (9th Cir. 1978)." Matter of Grand Jury Empanelled February 14, 1978, 603 F.2d 469, 474 (3d Cir. 1979).

Judged against these benchmarks we find that the defendants have carried their initial burden of showing that the requested documentary discovery falls within Rule 26's broad definition of relevance. That documentary discovery involves communications concerning the production of the film "Caveat"; records of hours worked on this production by the plaintiff; documents supporting economic damages

claims; and evidence relating to emotional injury claims. All of these seem to be directly relevant areas of inquiry by the defense.

In response to this motion to compel the plaintiff first raises a number of procedural objections, none of which we find persuasive. First, the plaintiff insists that the scope of the defense discovery was narrowly circumscribed and limited by an order relating to a summary judgment motion. We disagree. Indeed, plaintiff's argument ignores the fact that the discovery deadline was extended generally to May 31, 2016, and discounts the fact that the defendants had raised concerns regarding the adequacy of this documentary discovery prior to May 31, in correspondence responding to the plaintiff's own May 2016 letters relating to the discovery process. Further, the plaintiff's argument ignores the import of our prior orders setting timetables for merits litigation of these remaining discovery disputes by all parties. In this regard, we note that unlike the plaintiff, who allowed these discovery motion deadlines to pass, the defendants complied with our order directing the filing of discovery motions concerning outstanding documentary and written discovery issues by filing this motion on July 8. Therefore, we find that these discovery questions are properly before the court.

Next, the plaintiff seems to allege that she has provided all relevant, non-privileged information, and suggests that prior defense counsel had in some way

8

conceded the completeness of this discovery. As we have noted for all counsel in our prior telephone conferences, we are not focusing on some retrospective analysis of the history of this litigation. Rather, our goal is to address the merits of the parties' current disputes. Given this forward-looking and merits-based approach which we are undertaking, we do not construe these prior communications by former counsel as precluding current counsel from seeking further clarification regarding what discoverable written and documentary material may still exist.

Plaintiff then makes some additional assertions which are enigmatic and ambiguous, and in our view underscore the advisability of some further exploration of this issue. At times, the plaintiff seems to allege that she has produced all documents in her possession which are relevant to the claims, defenses and issues in this lawsuit. On other occasions, the plaintiff qualifies this assertion by suggesting that there is a body of additional material which has not been disclosed, but which counsel regards as privileged. The scope of these privilege claims cannot be assessed in any meaningful way because the plaintiff has never detailed in a comprehensive fashion what has been disclosed and what has been withheld on privilege grounds. This vague assertion of privilege is particularly challenging to understand and address since it is very difficult to appreciate in the abstract how documentary proof of damages or records of work done on this film could be entirely cloaked in privilege.

Given the somewhat enigmatic approach taken by plaintiff on his issue, more is needed to resolve these privilege claims. Therefore, we will direct that plaintiff's counsel to comply with the requirements of the rules and prepare a privilege log which shall be provided to the court an opposing counsel. The use of a privilege log as a tool in resolving disputes regarding claims of privilege is expressly sanctioned by Rule 26(b)(5)(A), which provides that:

> **(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> **(I)** expressly make the claim; and
>
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

In preparing this privilege log, plaintiff is reminded that the courts have described the legal requisites of a valid privilege log in the following terms:

> The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between ... individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of

10

all the legal requirements for application of the privilege, his claim will be rejected. <u>Bowne</u>, 150 F.R.D. at 474 (citations omitted); <u>see also von Bulow</u>, 811 F.2d at 146; <u>In re Grand Jury Subpoena Dtd. Jan. 4, 1984</u>, 750 F.2d 223, 224-25 (2d Cir.1984

<u>United States v. Constr. Products Research, Inc.</u>, 73 F.3d 464, 473 (2d Cir. 1996).

Upon receipt of this privilege log, the court and the parties will then be able to determine any remaining discovery privilege claims, and we will achieve the parties' shared goal of allowing this case to be promptly and fairly addressed on its merits.[1]

An appropriate order follows:

## III.   <u>Order</u>

In accordance with the foregoing Memorandum, IT IS ORDERED that the defendants' motion to compel (Doc. 116), is GRANTED, in part, as follows:

1.   On or before **October 10, 2016**, the plaintiff will prepare and produce to the court and opposing counsel a comprehensive privilege log describing in detail all documents which have been withheld and the basis for assertion of any privilege.

2.   Upon receipt of this privilege log, the parties will then confer regarding any privilege claims, and on or before **October 24, 2016**, the defendants

---

[1]Because we are granting this motion, in part, having found it to be meritorious, at least to the extent that some further disclosure is warranted through the preparation of a privilege log, we will decline plaintiff's request for attorney's fees.

shall move to compel the production of any remaining disputed records.

If no such motion is filed, the court will conclude that all aspects of

documentary discovery are now closed.

So ordered this 6th day of September 2016.

_S/Martin C.  Carlson_
Martin C. Carlson
United States Magistrate Judge