# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABBEY FARKAS,** | : | Civil No. 1:14-CV-272 |
| | : | |
| **Plaintiff** | : | **(Judge Jones)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **RICH COAST CORP., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

This matter comes before the Court in the latest in a series of discovery disputes that have beset this action in the past several months. In this most recent dispute, the Ufema defendants have moved to compel the plaintiff to disclose a single document that was withheld in response to document requests that the defendants propounded during the discovery period. The plaintiff identified the document as one covered by the attorney-client privilege and the work-product doctrine, and provided the defendant with a privilege log. Because the parties continued to argue about whether the single document was properly withheld, the Court directed the plaintiff to provide a copy to the Court so that it could be reviewed *in camera*. The plaintiff has now done so, and following review of the document and accompanying affidavit from the plaintiff, the Court concludes that

the plaintiff was entitled to withhold the document because it was prepared at the request of her attorney in connection with this litigation, provided to him in confidence for purposes of seeking legal counsel and advice, and because the document also includes the mental impressions of plaintiff's counsel and, therefore, qualifies as attorney work-product that contains both facts and opinions. The motion to compel production will, therefore, be denied.

## II.   DISCUSSION

As part of their discovery in this case, the Ufema defendants propounded a number of document requests upon the plaintiff pursuant to Rule 34 of the Federal Rules of Civil Procedure. Among those requests was one seeking "all calendars, schedules, daytimers, timesheets, charts, or other documents setting forth or depicting the time and/or hours worked by plaintiff of Group 13" and another seeking "all calendars, schedules, daytimers, timesheets, charts, or other documents setting forth the time and/or hours worked by plaintiff in connection with the Film." (Ufema's' Request for Production, Nos. 9 and 10.) In response to these requests, the plaintiff determined that she had in her possession only one potentially responsive document, but represented that the document was created at the request of her attorney in anticipation of litigation, and that it contained counsel's handwritten notes and mental impressions. Accordingly, the plaintiff

refused to produce the document, citing the attorney-client privilege and the work-product doctrine as defenses to production.

The plaintiff has now furnished the Court with a copy of the document that she created, along with an affidavit in which she has attested under oath that she created this document at the request of her lawyer, who in turn used the information in preparing the plaintiff's litigation strategy. The document that she created, and which has been provided to the Court for *in camera* review, also bears hand-written notes and impressions of her lawyer.

The plaintiff was previously subjected to examination under oath on October 29, 2013, and against during a deposition that was conducted on May 17, 2016. The plaintiff has represented that she did not refuse to answer any questions asked of her during either proceeding. Nevertheless, during the May 17, 2016 deposition, the plaintiff responded to a question by stating that she believed she may have had a spreadsheet and personal notes that had been saved to an external hard drive referred to as "the blue book". As it happens, the plaintiff later determined that she had been wrong about this, and that no such potentially responsive information was stored on the blue book. She has reaffirmed that the only document she has in her possession that is potentially responsive to the Ufema defendants' document requests is the timesheet that she created at her counsel's

request for purposes of obtaining legal advice, which was requested in anticipation and preparation for this litigation.

This dispute, therefore, turns on the plaintiff's objection to producing the single document on the grounds that it is protected by the attorney-client privilege and the work-product doctrine.

### A. Attorney-Client Privilege

A federal court presiding over a civil action under the court's diversity jurisdiction "must look to state law for applicable legal principles on issues of privilege." *Serrano v. Cheapeake Appalachia, LLC*, 298 F.R.D. 271, 280 (W.D. Pa. 2014); *see also* Fed. R. Evid. 501; *United Coal Co. v. Powell Constr. Co.*, 839 F.2d 958, 965 (3d Cir. 1988). In this case, the parties agree that Pennsylvania substantive law governs the claims in this action.

Pennsylvania has codified the attorney-client privilege since 1887. *Nationwide Mut. Ins. Co. v. Fleming*, 992 A.2d 65, 68 (Pa. 2010) (Eakin, J.) (affirming Superior Court by equally divided Supreme Court); *accord Upjohn v. United States*, 449 U.S. 383, 389 (1981) (observing that the attorney-client privilege is "one of the oldest of the privileges for confidential communications known to the common law."). In its current form, the statute provides as follows:

> In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to

> disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa. Cons. Stat. Ann. § 5928. "[T]he attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice." *Gillard v. AIG Ins. Co.*, 15 A.3d 44, 59 (Pa. 2011).

In order to establish the applicability of the privilege, a withholding party must make the following showing:

> (1) (When) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confident (5) by the client, (6) are at his insistence permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*In re Grand Jury*, 603 F.2d 469, 474 (3d Cir. 1979) (citing J. Wigmore, EVIDENCE § 2292 at 554 (1961)); *see also In re Impounded*, 241 F.3d 308, 316 n. 6 (3d Cir. 2001). The burden of proving that the privilege applies rests with the party asserting the privilege. *In re Grand Jury*, 603 F.2d at 474.

In this case, the plaintiff has attested that she created a document in which she outlined the editing work she did on the film *Caveat*, and the time spent on such work, at the request of her attorney in order to obtain legal advice, and in connection with this litigation. The document plainly comes within the scope of the attorney-client privilege under Pennsylvania law, as it involves confidential

5

communication between the plaintiff and her lawyer for the purpose of obtaining and providing legal advice regarding the claims in this litigation. The plaintiff is thus privileged to withhold the document she created and shared confidentially with her lawyer as the two developed the plaintiff's claims and legal strategy.

### B. Work-Product Doctrine

Unlike the attorney-client privilege, which is a matter of state law in diversity cases, the work-product doctrine is governed by a uniform federal standard that is set forth in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *United Coal*, 839 F.2d at 966. The doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003). At the Third Circuit has explained:

> The purpose of the work-product doctrine differs from that of the attorney-client privilege . . . . [T]he attorney-client privilege promotes the attorney-client relationship, and, indirectly the functioning of our legal system, by protecting the confidentiality of communications between clients and their attorneys. In contrast, the work-product doctrine promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used again their clients.

*Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1427-28 (3d Cir. 1991). Furthermore,

> The doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system. One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is, therefore, necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.

*United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (footnote omitted).

With these animating principles, Rule 26(b)(3) shields from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent." Fed. R. Civ. P. 26(b)(3)(A).

The rule also establishes two categories of protected work product: fact work product and opinion work product. "Fact work product is discoverable only upon a showing [of] 'substantial need' and by demonstrating that one cannot otherwise obtain the 'substantial equivalent' of such materials without 'undue hardship.'" *In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 381 (E.D. Pa. 2006) (quoting Fed. R. Civ. P. 26(b)(3)). Opinion work product, "which consists of 'mental impressions, conclusions, opinions, or legal theories of an attorney,' is afforded almost absolute protection" and it "is discoverable 'only upon a showing

7

of rare and exceptional circumstances.'" *Linerboard*, 237 F.R.D. at 381 ) (quoting *Cendant*, 343 F.3d at 663). An attorney's notes or memoranda reflecting his recollections or impressions also constitute opinion work product, regardless of the factual content of the notes or memoranda. *Id.* at 385-86. Whether such material is discoverable typically will turn on whether the witness or other party who provided counsel with the factual information is available to be deposed. *Id.* at 387 (availability of interviewed witness to be deposed undermined the necessity that a litigation adversary "invade the attorney's files"); *In re Grand Jury Investigation*, 599 F.2d 1224, 1232 (3d Cir. 1979) (allowing discovery of interview memoranda pertaining to a deceased witness, but denying discovery with respect to all other interview memoranda).

In this case, the plaintiff has represented that she prepared a document summarizing her work on *Caveat*, and the time spent, at her lawyer's request, so that he could develop strategy and prepare for litigation. The facts contained within this document qualify as work product, as they were prepared at counsel's direction as part of the preparation of this litigation. The document the plaintiff prepared now also bears the mental impressions of counsel, who has written notes and memoranda in the margins of the document, which clearly reflect counsel's mental impressions and legal observations and strategy. The Ufema defendants have not made any showing to overcome the plaintiff's invocation of the doctrine's

protections with respect to this particular document, and likely could not do so in any event because there is no question that Ms. Farkas was deposed in this case and the defendants, therefore, would have had ample opportunity to question her regarding the very factual matters that are set forth in the document, which merely summarizes the tasks and time that Ms. Farkas purportedly spent working on the film, and which are at the center of the legal dispute between the parties. Since the defendants had adequate opportunity to discover the facts that are reflected on the document that was prepared at counsel's direction, and because that document is plainly protected work product, the Ufema defendants' motion to compel production will be denied for this reason as well.[1]

## III. **CONCLUSION**

As noted, this matter is before the Court to resolve a narrow and discrete issue: whether the plaintiff should be required to produce a single document that she created at the request of her lawyer, which summarizes the work that she claims to have performed on *Caveat*, and a summary of the time spent doing so.

---

[1] The issue before us is limited solely to the question of the production of this particular document. Of course we recognize that, to the extent that the plaintiff brings claims based upon allegations that she worked hours which were not compensated by the defendants, the plaintiff may have other on-going discovery responsibilities to disclose a compilation of the hours she claims to have worked, either in response to other discovery, as part of her initial disclosures, or as part of the trial preparation in this case.

The Court has reviewed the document, and concludes that it is protected by both the attorney-client privilege and the work-product doctrine set forth in Rule 26(b)(3), and thus the plaintiff was entitled to withhold the document in response to the Ufema defendants' document requests. The plaintiff has not challenged the defendants' ability to seek this information in other ways, such as through interrogatories or depositions, and the plaintiff has been deposed in this case and presumably was questioned about her allegations regarding the work that she did on the film that forms the basis for her legal claims. Whether the Ufemas had other opportunity to discover this information is, therefore, not before the Court. Instead, we simply focus our inquiry on whether a particular document could be withheld on the grounds of privilege or work product, and the Court finds that it could be. The Ufema defendants' motion to compel production of the document will, therefore, be denied.

## IV. ORDER

Accordingly, the Ufema defendants' motion to compel the plaintiff to produce the single document withheld in response to document requests 9 and 10 is DENIED.

So Ordered this 9th day of November 2016.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge