IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABBEY FARKAS,** | : | Civil No. 1:14-CV-272 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **RICH COAST CORP., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

Following a lengthy and acrimonious discovery process that has dogged this action for the past several months, the Ufema defendants filed a motion for partial summary judgment on October 13, 2016. Even after this motion was filed, discovery disputes continued to arise, with the parties exchanging letters regarding the appropriateness of the defendants' discovery responses, and about the conduct of counsel in this case. (Docs. 129, 130, 131.) Following this correspondence, the Ufema defendants filed a motion to compel discovery, which was provisionally granted in part, and the parties were directed to exchange with one another full and complete lists identifying all discovery responses exchanged to date. (Docs. 138, 140.)

While the Court was sorting through the remaining discovery issues that the parties had raised, the Court directed the plaintiff to respond substantively to the Ufema defendants' motion for summary judgment. (Doc. 133.) As part of that response, the Court noted that if the plaintiff believed that she was due still further discovery responses that were necessary for her to adequately contest the defendants' motion, she should resort to and comply with Rule 56(d) of the Federal Rules of Civil Procedure in order to seek such relief. (Doc.133.) This response was due to be filed on November 21, 2016.

Rather than file a substantive response to the motion for summary judgment in the manner directed by Local Rule 56.1, the plaintiff has filed a document styled as a "Motion to Allow Time for Discovery Under Rule 56(d) and/or to Strike the Ufema Defendants' Motion for Summary Judgment." (Doc. 141.) The parties have fully briefed these motions, including the submission of a proffered sur-reply brief. (Docs. 144-149.)

Notwithstanding the title given to the plaintiff's motion to strike, which also purports to compel additional discovery under Rule 56(d), the motion actually seeks a variety of relief in a manner that risks

bringing further confusion and delay to the prompt and fair resolution of this action. Review of the motion reveals that it purports to seek no fewer than four distinct types of relief: (1) striking the Ufema defendants' timely filed motion for summary judgment; (2) denying the Ufema's motion for summary judgment; (3) seeking additional discovery pursuant to Rule 56(d); and (4) granting summary judgment in favor of the plaintiff. The breadth of the relief sought, and the scattershot arguments that are contained within the motion and its accompanying brief constrain the Court to address the motion promptly and provide some further direction that will allow these matters to be joined properly and resolved more effectively.

As a threshold matter, the plaintiff's motion to strike will be denied as filed. Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure. That rule provides as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> - (1) on its own; or
>
> - (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted). As an initial matter, motions to strike are generally and typically used for purposes of striking allegations made in an answer or other pleading, not for striking a party's motion for summary judgment brought pursuant to Rule 56. *Cf. Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007) (motions to strike decided on the pleadings alone).

Furthermore, even if a motion to strike were an appropriate means of responding to the defendants' motion in this case, on the grounds that the motion seeks to attack the defendants' defenses to the plaintiff's claim, "a motion to strike an affirmative defense will not be granted where its sufficiency depends on disputed issues of fact." *Signature Bank v. Check-X-Change, LLC*, No. 12-2802, 2013 WL 3286154, at *2 (D.N.J. June 27, 2013) (citing *Total Containment, Inc. v. Environ Products, Inc.*, No. 91-7911, 1992 WL 208981, at *1 (E.D. Pa. Aug. 19, 1992); *see also Newborn Bros., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014). Thus, " 'an affirmative defense can be stricken [on the basis of the pleadings alone] only if the defense asserted could not possibly prevent recovery under any pleaded or inferable set of facts.' " *F.T.C. v. Hope Now Modifications,*

4

*LLC*, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (citing *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993)).

Furthermore, when considering motions to strike pleadings, courts are enjoined to bear in mind that "motions to strike under Rule 12(f) are highly disfavored." *Hope Now*, 2011 WL 883202, at *1 (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002)) ("Because of the drastic nature of the remedy, . . . motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.' " (citing *Tonka*, 836 F. Supp. at 218). Indeed, motions to strike are further disfavored because they are often brought by the movant "simply as a dilatory tactic." *Hope Now*, 2011 WL 883202, at *1 (citing *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1381 (3d ed. 2004) (observing that "[m]otions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character.").

Although the Rule permits the striking of redundant, immaterial, impertinent or scandalous matter contained within a pleading, " 'a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party.' " *Hope Now*, 2011 WL 883202, at *1 (citing *Symbol Techs., Inc. v. Aruba Networks,*

*Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009); *see also* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1381 (3d ed. 2004) "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."). "Prejudice occurs when the challenged pleading confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Karpov. v. Karpov*, 307 F.R.D. 345, 348 (D. Del. 2015).

Finally, although courts enjoy considerable discretion in disposing of a motion to strike under Rule 12(f), *id.* at 349, "striking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011). A court generally should not grant a motion to strike material in a pleading unless the material bears "no possible relationship to the controversy and may cause *prejudice* to one of the parties, or if the allegations confuse the issues." *Karpov*, 307 F.R.D. at 349 (quoting *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009)).

A. **The Motion to Strike is Denied**

All of the foregoing considerations counsel against granting the plaintiff's motion to strike. The motion is, in the first instance, simply misplaced. The plaintiff has taken issue with certain factual representations that the defendants

have made in their moving papers, but the proper response to those factual averments and assertions is not to strike them, but to counter them with factual averments that support the plaintiff's own positions, and which are themselves supported by evidence in the record. Indeed, review of the plaintiff's motion and brief reveal that she has devoted substantial effort to doing just that, but has then veered in a procedurally confusion direction by urging the Court to take the extraordinary step of striking the defendants' motion and factual assertions. The Court finds this to be unwarranted, unsupported, and procedurally improper. The motion to strike will be denied.

### B. To the Extent that the Plaintiff is Seeking Summary Judgment on Her Own Behalf, She Must File a Motion for Summary Judgment

At times in her motion, the plaintiff purports to be seeking entry of summary judgment on her own claims in this case, or with respect to certain defenses that the defendants have raised. Quite simply, if the plaintiff is seeking entry of summary judgment, she must file a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and she must conform that motion to the requirements prescribed by the Court's Local Rules, which compel the filing of a statement of undisputed material facts, along with citation to evidence in the record which the plaintiff contends offers support for those factual assertions. *See* LR 7.5, 56.1. The plaintiff's invitation to the Court to grant summary judgment in her favor through a motion seeking other relief will be denied, without prejudice to

the plaintiff renewing any request for summary judgment she may have with respect to claims and defenses in this case by filing a proper motion, brief, and statement of facts.

> **C. To the Extent that the Plaintiff is Opposing the Ufema Defendants' Motion for Summary Judgment, She Must File a Brief and Counterstatement of Material Facts as Required by the Local Rule and the Customs of Federal Civil Practice**

In her motion, the Court understands the plaintiff, in part, to be asserting her dissatisfaction with the defendants' discovery production in this action, and with some of the defendants' factual representations made in support of their motion. This has inspired her to request relief pursuant to Rule 56(d) and to urge the Court to strike the Ufema defendants' motion for summary judgment. Regardless of the merits of the plaintiff's arguments, however, her approach creates procedural confusion and the Court finds it necessary to direct that she comply with the requirements that the Court has prescribed for responding to motions for summary judgment in the first place.

Local Rule 7.6 provides in relevant part that "[a] brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief." LR 7.6.

Local Rule 56.1, in turn, provides in relevant part that "[t]he papers opposing a motion for summary judgment shall include a separate, short and

8

concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried. Statements of material facts . . . in opposition to [ ] a motion shall include references to the parts of the record that support the statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." LR 56.1.

To date, the plaintiff has not complied with these Local Rules by failing to file a brief in opposition to the defendants' motion, and by failing to file a counterstatment of material facts as to which it is contended that there exists an issue to be tried. The plaintiff's latest pleadings seek leave to file a substantive response in accordance with LR 56.1 if we deny this motion to strike, and we will order such a response. In this score, we emphasize that adherence to this rule is not an irrelevant procedural technicality; to the contrary, it is a process that is intended to assist the parties and the Court in framing the issues in order to ensure their prompt and fair consideration and resolution. Therefore, to the extent that the plaintiff intends to oppose the defendants' motion for summary judgment, she will be directed to do so in conformity with the Local Rules of this Court, and she will be directed to reframe her arguments, factual assertions, and citation to record

9

evidence supporting those assertions by filing an appropriate brief in opposition, and counterstatement of material facts that responds to the defendants' assertions.

### D. Plaintiff's Request for Additional Discovery Pursuant to Rule 56(d)

Finally, to the extent that the plaintiff purports to assert that she is unable to respond to the defendants' motion for summary judgment because she has been deprived of an opportunity to take necessary discovery she should comply with the provisions of Rule 56(d) when she responds substantively to this motion for partial summary judgment.

An appropriate order follows.

## **ORDER**

AND NOW this 15th day of December 2016, IT IS ORDERED as follows:

1. The plaintiff's motion for leave to file a sur-reply instanter, (Doc. 145.), while deemed unnecessary, is GRANTED.

2. The plaintiff's motion to strike (Doc. 141.) is DENIED.

3. The plaintiff shall file any cross motion for summary judgment, along with any substantive response to the defendants' motion for partial summary judgment on or

before January 6, 2017. All pleadings must comply with the rules of this Court, including LR 56.1.

4. Further briefing of these potentially dispositive motions shall be conducted in strict compliance with the rules of this Court.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
