# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABBEY FARKAS,** | : | Civil No. 1:14-CV-272 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **RICH COAST CORPORATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case is on the eve of scheduling for trial, but now comes before us for consideration of a request for extension of time by the defendants (Doc. 247) in which to respond to one final pretrial motion, a motion filed by the plaintiff and captioned as an omnibus motion to address alleged procedural and substantive issues. (Doc. 243.) The plaintiff's motion, if granted, would undo years of litigation in this case, and would return the parties to their litigation postures in 2014, when this lawsuit was first transferred to this court. Thus, the motion is emblematic of the protracted and tortured procedural history of this litigation, a history which is entirely out of proportion with the actual dimensions of the dispute which initially divided the parties. In truth, while this case has sometimes been cast as a great and all-consuming controversy, this litigation actually springs forth from

some small injuries. The dispute which led to this litigation began more than five years ago in April of 2012 when Abbey Farkas and Julie Ufema engaged in an exchange of e-mails. At that time Farkas and Ufema were each seeking modest mutual accommodations from one another in the wake of their joint involvement in an independent film project, the production of what even the defendant characterizes as a relatively insignificant independent film, a movie entitled "Caveat." For her part, Ufema sought the return of a hard drive which contained raw footage of this film, a hard drive which Farkas had retained following her brief two-month involvement as a film editor on this movie in the Autumn of 2011. Farkas, in turn, was seeking an additional $750 payment from Ufema, money that Farkas claimed she was owed for her work on this film. The discussion between Farkas and Ufema swiftly descended into mutual acrimony. That acrimony sowed the seeds of this lawsuit, litigation which has now encompassed half a decade, and spanned four separate state and federal courts. Over time the claims and counter-claims which the parties have leveled against one another have grown and multiplied and this case has transmogrified into something far different from the discrete dispute that divided the parties in April of 2012.

This motion for extension of time also reveals some regrettable and recurring themes in this litigation which have combined to contribute to the sad state of this lawsuit. From the defendants' perspective the motion for extension of

time reveals a regrettable lapse of attention to this matter, since this motion could have been avoided entirely if the defendants had simply carefully read and properly calendared their response deadline for the plaintiff's omnibus motion. From the plaintiff's perspective, this motion, and the plaintiff's response to the motion, reveals an equally regrettable tendency, an instinct to exalt form over substance and seek success based upon legal fictions rather than factual merits.

Under our prior scheduling order the defendants were to respond to Farkas' omnibus motion on or before December 5, 2017. When the defendants failed to meet this original December 5 filing deadline by midnight on December 5, 2017, Farkas' counsel, who had apparently been monitoring these filings with an extraordinary intensity, filed a pleading at 2:02 a.m. on December 6, 2017, arguing that under the Local Rules of this court, the defendants should be deemed to concur in this motion, which would have erased the past three years of this litigation. Given the contentious history of this case, this argument seemed implausible, and the defendants' motion for extension of time makes it absolutely clear that the defendants do not concur in Farkas' omnibus motion. Specifically, on the afternoon of December 6, 2017, the Defendants acknowledged a lack of attention to this deadline, which lapsed, and sought an extension of time in which to file their response. (Doc. 247.) The defendants then filed a proposed response in opposition to this omnibus motion on December 8, 2017. (Doc. 248.) At Farkas'

request we deferred acting upon this motion for extension of time, until Farkas was able to file a further response in opposition to this belated filing. (Doc. 249.) We have now received, and reviewed this response. (Doc. 250.) Upon consideration of the matters raised by all counsel, this motion for extension of time will be granted, and we will accept the Defendants' December 8, response in opposition to this omnibus motion.

It is well-settled that the decision to grant or deny a motion for extension of time in which to file a brief rests in the sound discretion of the district court and will not be set aside absent an abuse of this discretion. <u>Khan v. Penn State--Milton S. Hershey Med. Ctr. Hosp. Penn State Coll. of Med.</u>, 568 F. App'x 111, 113 (3d Cir. 2014). Here the proper exercise of our discretion weighs heavily in favor of granting this request for a one week extension of time in which to file a brief in opposition to this omnibus motion for several reasons. First, given the entire history of this litigation, it would be inappropriate to rely upon the legal fiction that the defendants are deemed to concur in this omnibus motion, when in truth and in fact they plainly do not concur in the motion. Second, granting this motion without any merits consideration based solely upon this legal fiction would be highly disruptive of the orderly administration of justice since it would sweep aside three years of litigation and carefully considered rulings which have now farmed and narrowed the issues for the parties. Such a decision should not be made lightly and

demands a full merits consideration. Third, denying this motion for extension of time and deeming the defendants to concur in Farkas' omnibus motion, would be highly prejudicial to all parties since it would inevitably foster years of additional delay in this litigation. Fourth, the plaintiff cannot cite any discernible, concrete prejudice resulting from granting this three day extension of time in which to respond to this omnibus motion. The entire thrust of the plaintiff's omnibus motion is that resolution of the merits of this case should now be deferred for many months, if not years. Given the protracted delay which the plaintiff actively seeks in her omnibus motion she cannot be heard to complain if the resolution of this motion is delayed by three days from December 5 to December 8 due to granting a brief motion for extension of time.

Accordingly, for the foregoing reasons, the defendants' motion for extension of time (Doc. 247) is GRANTED, their December 8, 2017 filing will be accepted by the Court and the following revised briefing schedule shall apply to the plaintiff's omnibus motion. We recognize, however, that the plaintiff should be afforded an opportunity to file a reply brief addressing the merits of her omnibus motion. Accordingly, Plaintiff's reply brief, if any, in support of Farkas' omnibus motion shall be filed on or before **December 28, 2017.**

So ordered this 12th day of December, 2017.


*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge