# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ABBEY FARKAS,** | : | Civil No. 1:14-CV-272 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **RICH COAST CORPORATION, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION AND ORDER

### I. Introduction and Background

This litigation undeniably has a protracted and tortured procedural history, one which is entirely out of proportion with the actual dimensions of the dispute which initially divided the parties. In truth, while this case has sometimes been cast as a great and all-consuming controversy, this litigation actually springs forth from some small injuries. The dispute which led to this litigation began more than five years ago in April of 2012 when Abbey Farkas and Julie Ufema engaged in an exchange of e-mails. At that time Farkas and Ufema were each seeking modest mutual accommodations from one another in the wake of their joint involvement in an independent film project, the production of what even the defendant characterizes as a relatively insignificant independent film, a movie entitled "Caveat." For her part, Ufema sought the return of a hard drive which contained

raw footage of this film, a hard drive which Farkas had retained following her brief two-month involvement as a film editor on this movie in the Autumn of 2011. Farkas, in turn, was seeking an additional $750 payment from Ufema, money that Farkas claimed she was owed for her work on this film. The discussion between Farkas and Ufema swiftly descended into mutual acrimony. That acrimony sowed the seeds of this lawsuit, litigation which has now encompassed half a decade, and spanned four separate state and federal courts. Over time the claims and counter-claims which the parties have leveled against one another have grown and multiplied and this case has transmogrified into something far different from the discrete dispute that divided the parties in April of 2012.

Discovery in this case concluded more than one year ago, and this case is now on the eve of being scheduled for trial. It is in this setting that Farkas' counsel makes an unusual request which is calculated to further prolong this already protracted litigation. Specifically Farkas has filed an omnibus motion, (Doc 243), which, in part, seeks leave of court to reopen discovery on the verge of trial, to engage in further wide-ranging financial discovery of the defendants, discovery that is ostensibly aimed at determining whether Farkas will be able to recover

damages from the defendants, and discovery Farkas claims that she needs in order to determine whether this five year-old dispute should proceed to trial.[1]

For the reasons set forth below, in this exercise of our discretion this motion will be denied.

**II.     Discussion**

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Therefore, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

---

[1] This omnibus motion also raises a number of potentially case dipositive claims and arguments. These matters will be addressed separately in a Report and Recommendation

District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided by certain basic legal tenets, and is guided by a simple overarching principle: "the Federal Rules are meant to be applied in such a way as to promote justice. See Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion . . . ." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d. Cir 1998)(affirming denial of request for extension of time). Applying this

4

principle, courts have routinely denied untimely requests to reopen discovery, particularly when these requests are made in a fashion which will frustrate the timely resolution of a dispute. See e.g., LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 235 (3d Cir. 2007); Dow Chem. Canada Inc. v. HRD Corp., 287 F.R.D. 268, 269 (D. Del. 2012), aff'd, 587 F. App'x 741 (3d Cir. 2014); Cataldo v. Moses, 361 F. Supp. 2d 420, 423 (D.N.J. 2004).

In the instant case, exercising our discretion, we will deny this tardy request to reopen discovery which is made on the eve of trial scheduling, and more than one year after the discovery deadline in this protracted litigation drew to a close. In our view the Farkas' request is either entirely dilatory and untimely or premature and presumptuous, depending upon your perspective. As we have noted, Farkas requests leave of court to reopen discovery on the verge of trial, to engage in further wide ranging financial discovery of the defendants, discovery that is ostensibly aimed at determining whether Farkas will be able to recover damages from the defendants, and discovery Farkas claims that she needs in order to determine whether this five year old dispute should proceed to trial.

Viewed as a normal pre-trial discovery this request is completely out of time. Discovery closed more than one year ago. This case is on the verge of trial scheduling. The time for discovery is over. The time for trial is upon the parties.

After more than five years, the proper exercise of discretion calls for the parties to finally litigate their remaining claims in this case rather than engage in a belated round of discovery.

On the other hand, viewed as a request for discovery in aid of executing upon a judgment, the request is both premature and presumptuous. Farkas does not have a judgment against these defendants, and time will tell whether she can obtain one. If she does secure a judgment, then—but only then—would post-judgment discovery into the financial ability of the defendants to pay any judgment be appropriate.

In sum, Farkas has not shown that discovery should be reopened at this late date, and the proper exercise of our discretion calls upon us to provide Farkas with what she has repeatedly demanded in this litigation: a prompt and fair trial. Therefore, this motion to reopen discovery, which would necessarily delay merits litigation to no good purpose, will be denied.

An appropriate order follows.

## III. Order

For the foregoing reasons those aspects of the plaintiff's omnibus motion which seek to reopen discovery (Doc. 243), are DENIED.

So ordered this 28th day of December, 2017.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge